**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ASSASSINATION ARCHIVES AND RESEARCH CENTER
930 Wayne Avenue, Suite 1111
Silver Spring, MD 20910

and

JAMES H. LESAR
930 Wayne Avenue, Suite 1111
Silver Spring, MD 20910

Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY
Washington, D.C. 20505

Defendant.

Civil Action No.____________

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the Central Intelligence Agency ("CIA"), to fulfill the request of the Assassination Archives and Research Center ("AARC") and James H. Lesar for documents relating to David Harold

Byrd, Werner von Alvensleben, Jr. and the Doolittle Report.[1]

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiffs' request for records, and injunctive relief that defendant immediately and fully comply with plaintiffs' request under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff AARC is a non-profit, non-stock corporation, organized in 1984 under section 501(c)(3) of the Internal Revenue code. AARC is committed to collecting, preserving and making available to the public research materials relating to political assassinations and related subjects; conducting research and seminars in the field of political assassinations, and publishing and disseminating scientific and public information concerning political assassinations and related subjects. As part of its research and public information functions, AARC uses government records made available to it under the FOIA. AARC's archive contains the largest collection of materials on the assassination of President John

[1] This Complaint is submitted in 14-point type to assist Plaintiff and Co-counsel

F. Kennedy in private hands.

5. Plaintiff JAMES H. LESAR is a private citizen and attorney and serves as President of the AARC. Mr. LESAR has devoted decades of study and research as to the circumstances of the assassination of President Kennedy.

6. AARC has invested considerable organizational resources in publishing on the internet large quantities of released U.S. government documents related to political assassinations and related subjects.

7. The CIA's failure to comply with the FOIA harms AARC's ability to provide full, accurate and current information to the public on matters of high public interest. 5 U.S.C. § 552(a)(6)(c). Absent this critical information, AARC cannot advance its goal of informing the public on the documentary record on critical public issues related to political assassinations and related subjects.

8. AARC will analyze the information it receives that is responsive to its request and will share it with the public through memoranda, reports, press releases. letters, emails, videos and social media. In addition, AARC will disseminate any documents it acquires from its request to the public through a website that AARC has founded, www.aarclibrary.org . AARC's website and the website of AARC's partner organization Mary Ferrell Foundation,

---

James H. Lesar, who is legally blind.

www.maryferrell.org contain hundreds of thousands of pages of documents AARC has acquired from multiple FOIA requests.

9. Defendant CIA is an agency within the meaning of 5 U.S.C. § 552(f). Defendant is the federal agency with possession and control of the requested records and is responsible for fulfilling AARC's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

10. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records or information to the public unless one or more specific statutory exemptions or exclusions apply.

11. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

12. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

13. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date

on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

14. The FOIA also requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees. 5 U.S.C. § 552(a)(4)(A). Under the FOIA, agencies should produce documents at no charge to the requester or at a reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

15. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 52(a)(4)(B).

16. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

17. On July 4, 2020, AARC and Mr. Lesar sent a FOIA request to the CIA seeking documents relating to David Harold Byrd, Werner von Alvensleben, Jr. and the Doolittle Report. Letter from Daniel S. Alcorn, Esq. to CIA, FOIA Request (July 4, 2020) (attached as Exhibit 1). Specifically, AARC requested:

1. Search for and release all records or information in any format related to David Harold Byrd (deceased) of Dallas, Texas. Mr. Byrd died on September 14, 1986 (see attached obituary from the Dallas Times-Herald). Mr. Byrd owned the Texas School Book Depository Building at the time of the assassination of President Kennedy in 1963, and reportedly removed the "sniper's window" from the building after the assassination and displayed it in his mansion. Mr. Byrd was an owner and financier of government contracting companies including Texas Engineering Manufacturing Company (TEMCO), E-Systems, and Ling-TEMCO-Vaught (LTV). E-Systems was well known as a CIA contractor, so much so that in 1975 CIA solicited E-Systems to purchase its proprietary airline, Air America. David Harold Byrd was also active in the oil business and varied other business enterprises. David Harold Byrd co-founded the Civil Air Patrol (CAP) in 1941 and served in command capacities in CAP until the early 1960's. Civil Air Patrol is the official auxilary of the US Air Force. In the 1950's Mr. Byrd served with Cord Meyer, Sr. on the national executive board of CAP (Cord Meyer, Jr. was a ranking CIA executive).

2. Search for and release all records and information in any format related to Werner von Alvensleben, Jr. (died 1998), of Mozambique (formerly Portuguese East Africa). Mr. Alvensleben owned and operated the big game hunting company named Safarilandia in Portuguese East Africa, later Mozambique. According to released Office of Strategic Services (OSS) records, Mr. Alvensleben served as a valued double agent for OSS during World War II in Portuguese East Africa. OSS records state that Mr. Alvensleben was a member of the Bavarian Military Police in 1933, headed by Heinrich Himmler (the Bavarian Military Police became the Nazi SS, according to OSS records). In 1933 Mr. Alvensleben was sent to Austria to

participate in the assassination of an Austrian official. Mr. Alvensleben was arrested by the Austrians and imprisoned for this activity. According to reports in the Dallas Morning News, Mr. Alvensleben was in Dallas, Texas as a guest of David Harold Byrd in late 1963. Further, David Harold Byrd was reported to be present at Mr. Alvensleben's Safarilandia on November 22, 1963, the day of President Kennedy's murder. Due to Mr. Alvensleben's service as a valued double agent for OSS in World War II, it is likely that Mr. Alvensleben served as an asset of the CIA after the war, or had contact with the CIA.

3. Search for and release all records and information in any format related to the Doolittle Report of 1954 and its appendices A-D. The Doolittle Report was the result of a commission established by President Eisenhower to study the activities of the CIA and headed by General James Doolittle. The Doolittle Report called for more aggressive CIA covert activities that had previously been believed to be repugnant and contrary to American values. Requesters seek full release of the requested materials. As shown in the attached obituary of David Harold Byrd, General Doolittle and Mr. Byrd were substantial friends who shared an interest in aviation from the early years. Mr. Byrd and General Doolittle were Safari hunting partners on several occasions.

18. US Postal Service Tracking confirms that AARC and Lesar's July 4, 2020 FOIA request was delivered to CIA on July 9, 2020. CIA has not responded to AARC and Lesar's FOIA request.

19. AARC and Lesar have received no determination on their request.

20. As of the filing of this complaint, the CIA has not provided documents responsive to AARC and Lesar's request.

21. CIA failed to make a determination on AARC and Lesar's FOIA request within the twenty working days provided in 5 U.S.C.§ 552(a)(6)(A)(i). .

22. The requested records are highly relevant to several official investigations, including the Department of Justice and Federal Bureau of Investigation, President's Commission on the Assassination of President John F. Kennedy (The Warren Commission), the Senate Select Committee on Government Operations with Respect to Intelligence Activities (The Church Committee), and the House Select Committee on Assassinations (The HSCA). As such, the exception from search and review of operational files does not apply to these records pursuant to 50 U.S.C. Sec. 3141(c)(3). The Church Committee investigated the performance of the intelligence agencies in the investigation of President Kennedy's assassination and found it wanting. CIA is required to search operational files and records for information responsive to plaintiff's request. Morley v. CIA, 508 F.3d 1108,1119 (2007).

## PLAINTIFFS' CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records Under the FOIA)

23. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

24. Plaintiffs properly asked for records within the CIA's possession and/or control.

25. Plaintiffs are entitled by law to copies of the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

26. The CIA has produced no records to AARC and Lesar.

27. Therefore, the CIA violated FOIA's mandate to release agency records to the public by failing to release the records as plaintiffs specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court:

(1) Declare that the CIA has violated the Freedom of Information Act by failing to lawfully satisfy plaintiffs' FOIA request of July 4, 2020;

(2) Order the CIA to promptly release all records responsive to plaintiffs' FOIA request without charge for search or duplication fees;

(3) Order defendants to file a *Vaughn v. Rosen* index and permit discovery;

(4) Award plaintiffs their reasonable attorney fees and litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper, including but not limited to release of any secret appendices to the

Doolittle Report whether numbered or lettered or not.

Respectfully submitted,

__/s/_*Daniel S. Alcorn*______
Daniel S. Alcorn
Counsel for Plaintiffs
D.C. Bar No. 383267
1335 Ballantrae Lane
McLean, VA 22101
Phone: (703) 442-0704

James H. Lesar
Co-counsel for Plaintiffs
D.C. Bar No. 114413
930 Wayne Avenue
Unit 1111
Silver Spring, MD 20910
Phone: (301) 328-5920

Attorneys for Plaintiffs