UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASSASSINATION ARCHIVES AND RESEARCH CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-1237 (CRC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ANSWER**

Defendant, Central Intelligence Agency ("CIA" or "Defendant") by and through undersigned counsel, respectfully submits this Answer to the Complaint for Declaratory and Injunctive Relief (ECF No. 1, "Complaint") filed by Plaintiffs, Assassination Archives and Research Center and James H. Lesar (collectively "AARC" or "Plaintiffs"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any

other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.[1]

2. This paragraph consists of Plaintiffs' legal conclusions, requested relief, and characterization of this lawsuit of this lawsuit, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE[2]

3. This paragraph contains Plaintiffs' allegations concerning jurisdiction and venue, which consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of FOIA. Defendant

---

[1] This answer is being submitted in 14-point font as a courtesy to Plaintiff and in response to footnote 1 of the Complaint.

[2] For ease of reference, Defendant refers to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

further admits that venue lies in this judicial district for a proper claim under 5 U.S.C. § 552.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. This paragraph consists of legal conclusion, broad generalizations, and characterizations to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Defendant admits that the CIA is federal agency subject to the FOIA. The remainder of this paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## STATUTORY FRAMEWORK

### The Freedom of Information

10. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant acknowledges the general purpose of FOIA, 5 U.S.C. § 552, and avers that not all agency records are subject to the statute.

11. This paragraph consists of Plaintiffs' characterization of one provision of the FOIA and legal conclusions, to which no response is required.

12. This paragraph consists of Plaintiffs' characterization of one provision of the FOIA and legal conclusions, to which no response is required.

13. This paragraph consists of Plaintiffs' characterization of one provision of the FOIA and legal conclusions, to which no response is required.

14. This paragraph consists of Plaintiffs' characterization of one provision of the FOIA and legal conclusions, to which no response is required.

15. This paragraph contains Plaintiffs' allegations concerning jurisdiction and remedy, which consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of FOIA, which would rarely, if ever, warrant granting immediate injunctive relief based solely upon the allegations in the complaint.

16. This paragraph consists of Plaintiffs' characterization of a portion of the statute or legal conclusions, to which no response is required.

**FACTS GIVING RISE TO PLAINTIFFS' CLAIM FOR RELIEF**

17. Defendant admits delivery of Plaintiffs' FOIA request. The remainder of this paragraph contains Plaintiffs' description of its FOIA request, to which no response is required.

18. The allegations in the first sentence do not pertain to Defendant and require no response. With respect to the allegations in the second sentence of this paragraph, Defendant admits that it had not released any records in response to Plaintiffs' FOIA request as of the date they filed the complaint in this action.

19. Defendant admits that it has not yet made a final determination concerning Plaintiffs' FOIA request dated July 4, 2020.

20. Defendant admits that it has not released any records in response to Plaintiffs' FOIA request as of the date they filed the complaint in this action.

21. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that it has not yet made a determination on Plaintiffs' FOIA request.

22. This paragraph consists of Plaintiffs' characterizations of unspecified records and legal conclusions, to which no response is required. To the extent a

response is deemed required, Defendant avers that the request is the best evidence of its contents.

## PLAINTIFFS' CLAIM FOR RELIEF

### CLAIM ONE
**(Failure to Produce Records Under the FOIA)**

23. Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

24. Defendant denies the allegations in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant admits that it has not yet released any non-exempt records responsive to Plaintiffs' FOIA July 4, 2020 FOIA request, but otherwise denies as stated because Defendant has previously released records to both Plaintiffs in response to other FOIA requests.

27. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint, including sub-paragraphs (a) through (f), contains Plaintiffs' requested relief, to which no responses are required. Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly on Plaintiffs as a matter of law.

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiffs' request to the extent that any requested relief exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Defendant has not improperly withheld any records requested by Plaintiffs under FOIA.

## FOURTH DEFENSE

The Complaint includes claims upon which relief cannot be granted.

## FIFTH DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs in this matter.

## **SIXTH DEFENSE**

To the extent that Plaintiffs failed to satisfy prerequisites to suit, this Court lacks jurisdiction over any matter as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

*** 

Dated:  July 16, 2021  

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar # 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7874

*Attorneys for Defendant*